David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
Lin W. Kahn (State Bar No. 261387)
lkahn@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DREAM BIG MEDIA, INC., GETIFY SOLUTIONS, INC., and SPRINTER SUPPLIER LLC, Individually and on Behalf of all Others Similarly Situated,

Plaintiff,

v.

ALPHABET INC. and GOOGLE LLC,

Defendants.

**Case No. 22-cv-02314-JSW**

**DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS**

Date: September 30, 2022
Time: 9:00 a.m.
Judge: Hon. Jeffrey S. White

## NOTICE OF MOTION AND MOTION

Please take notice that on September 30, 2022, at 9:00 AM, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Jeffrey S. White of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay St., Oakland, California, defendants Alphabet Inc. and Google LLC (collectively "Google") will and hereby do move to strike the class action allegations from the Complaint.

## RELIEF SOUGHT

Google requests that the Court strike all class action allegations from the Complaint under Federal Rule of Civil Procedure 23(c)(1)(A) and 23(d)(1)(D).

Dated: July 12, 2022

JONES DAY

By: */s/ David C. Kiernan*
David C. Kiernan

Attorneys for Defendants
Alphabet Inc. and Google LLC

## TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ..... i

RELIEF SOUGHT ..... i

INTRODUCTION ..... 1

STATEMENT OF ISSUES TO BE DECIDED ..... 1

BACKGROUND ..... 1

ARGUMENT ..... 2

I. THE COURT HAS AUTHORITY TO STRIKE CLASS ALLEGATIONS AT THE PLEADING STAGE. ..... 2

II. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE THE CLASS DEFINITION INCLUDES PERSONS WHO LACK STANDING. ..... 3

III. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE THE CLASS DEFINITION IS IMPERMISSIBLY "FAIL SAFE." ..... 5

CONCLUSION ..... 6

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brazil v. Dell Inc.*, No. C-07-01700, 2008 WL 2693629 (N.D. Cal. July 7, 2008) .......... 2, 5

*Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2018 WL 4181903 (N.D. Cal. Aug. 31, 2018) .......... 2

*In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464 (W.D. Pa. 2019) .......... 4

*Johannessohn v. Polaris Indus. Inc.*, 9 F.4th 981 (8th Cir. 2021) .......... 3

*Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) .......... 3

*Morgan v. FedEx Corp.*, No. C 09-04217 JSW, 2009 WL 10736798 (N.D. Cal. Dec. 17, 2009) (White, J.) .......... 2

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (en banc) .......... 3, 5

*Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016) .......... 3

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) .......... 3

*Tietsworth v. Sears*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......... 2, 3

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) .......... 3

*Uschold v. Carriage Servs., Inc.*, No. 17-CV-04424-JSW, 2020 WL 1466172 (N.D. Cal. Mar. 6, 2020) .......... 5

**STATUTES**

California Unfair Competition Law ........................................ 2

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ........................................ 1

Federal Rule of Civil Procedure 23 ........................................ i, 1

## INTRODUCTION

Plaintiffs allege that they were forced to purchase unwanted products from Google or refrain from purchasing competing products from other suppliers. Google is filing concurrently with this motion a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). In that motion, Google demonstrates that the complaint does not state a valid claim for multiple reasons. But even if the complaint had stated a valid claim, the class action allegations are improper under Rule 23 and should be stricken. First, the class definition is overly broad insofar as it includes entities that were uninjured and thus lack antitrust standing because they never paid anything for the products at issue. Second, plaintiffs define an improper fail-safe class. Part of the proposed class definition requires determining whether putative class members are properly in the class by evaluating the merits of their claims against Google–*i.e.*, were those putative members harmed as a result of the allegedly wrongful conduct.

For these reasons, the class action allegations should be stricken to clarify up front the potential scope of the action and avoid unnecessary litigation over class claims that are clearly improper. Both the parties and the Court will benefit from resolving these issues at the outset of the case, as it will guide discovery and streamline the class certification proceedings should the case get that far.

## STATEMENT OF ISSUES TO BE DECIDED

1. Should plaintiffs' class action allegations be stricken?

## BACKGROUND

As discussed in more detail in Google's motion to dismiss, plaintiffs are three businesses that allegedly used a Google application programming interface ("API") to display maps or map-related information on their websites or applications. ECF 1, ¶¶ 28, 35, 41. According to plaintiffs, Google groups these API services into three categories: (1) Maps API services, which developers can use to create a digital map; (2) Routes API services, which can be used for adding directions to a map; and (3) Places API services, which can be used to add details about a particular location. *Id.* ¶ 4.

Plaintiffs assert claims under the federal antitrust laws and the California Unfair Competition Law. *Id.*, pp. 47–52. Their basic claim is that Google unlawfully tied its API services together by purportedly refusing to sell some API services unless the purchaser also agreed to purchase other Google mapping API services or to refrain from purchasing API services from other companies. *Id.* ¶¶ 12, 122, 124, 151. They allege that Google charges customers each time the customer's website or application uses the API service to "call" on Google mapping data. *Id.* ¶¶ 6–7. Plaintiffs seek as damages allegedly higher prices they and the class members paid for such calls. *Id.* ¶ 261.

Plaintiffs seek to sue on behalf of the following alleged class:

> From April 13, 2018, through the date that the alleged unlawful anticompetitive activity ceases, all direct purchasers, app or website developers, or other types of users of Maps APIs, Routes APIs, or Places APIs, or direct purchasers, app or website developers, or other types of users of Maps APIs, Routes APIs, or Places APIs who spent money or had their free-tier credits consumed more rapidly because of the anticompetitive allegations therein, or other types of users who continue to experience anticompetitive harm as a result of the allegations herein.

*Id.* ¶ 46; *see also id*. ¶¶ 47–48 (identifying certain exclusions).

## ARGUMENT

### I. THE COURT HAS AUTHORITY TO STRIKE CLASS ALLEGATIONS AT THE PLEADING STAGE.

"Under Rules 23(c)(1)(A) and 23(d)(1)(D)" the Court "has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). This Court and others in this district have granted motions to strike class allegations at the pleading stage where appropriate. *See Morgan v. FedEx Corp.*, No. C 09-04217 JSW, 2009 WL 10736798, at *1 (N.D. Cal. Dec. 17, 2009) (White, J.) (granting motion to strike class allegations where plaintiff lacked standing to pursue class claims on behalf of a class); *Brazil v. Dell Inc.*, No. C-07-01700, 2008 WL 2693629, at *7 (N.D. Cal. July 7, 2008) (striking fail-safe class definition at pleading stage). Motions to strike "are favored where they streamline the ultimate resolution of the action and avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-

LHK, 2018 WL 4181903, at *6 (N.D. Cal. Aug. 31, 2018) (cleaned up).

## II. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE THE CLASS DEFINITION INCLUDES PERSONS WHO LACK STANDING.

"Every class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). Accordingly, "a class cannot be certified where it is defined in such a way to include individuals who lack standing" because such a class definitionally includes plaintiffs who cannot ultimately recover. *Johannessohn v. Polaris Indus. Inc.*, 9 F.4th 981, 988 n.3 (8th Cir. 2021) (a class "must be defined in such a way that anyone within it would have standing"); *see also Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137 n.6 (9th Cir. 2016) ("it must be possible that class members have suffered injury"); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022) (en banc) ("When a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification."). Courts in this district have granted motions to strike class allegations where a class includes putative plaintiffs who, on the face of the complaint, lack standing. *See Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (granting a motion to strike class allegations where "the proposed class [definition] includes many members who have not been injured"); *Tietsworth*, 720 F. Supp. 2d at 1146 (granting motion to strike where the class definition included individuals who did not suffer injury).

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009), is instructive. There, the plaintiffs sued Apple for allegedly deceptive advertising relating to its 20-inch Aluminum iMac. *Id.* at 982–83. But the class was defined as "[a]ll persons or entities located within the United States *who own a 20–inch Aluminum iMac.*" *Id.* at 990 (emphasis added). That definition, however, "necessarily include[d] individuals who did not purchase [the iMac]" and "individuals who suffered no damages," such as people who received their Mac as a gift from someone else. Accordingly, the court granted Apple's motion to strike the class allegations. *Id.* at 991.

The same result is required here because plaintiffs' class definition on its face includes several groups of class members who did not purchase anything from Google and therefore have necessarily suffered no injury.  *First*, plaintiffs define the class as including "all direct purchasers, app or website developers, or other types of users of Maps APIs, Routes APIs, or Places APIs …."  ECF 1, ¶ 46.  But "app or website developers" and "other types of users," to the extent they are not "direct purchasers," cannot be included in the class because they have not purchased anything from Google.  For example, as written, the class definition encompasses a third-party developer hired by a business owner to create a website and who "used" a Google mapping API service in constructing the website but who never paid for any API service calls because they were charged to and paid by the owner.  Similarly, the class definition is broad enough to include a person who visits a website that uses Google's API services, without regard to whether that person ever purchased anything.  *Cf. In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 472 (W.D. Pa. 2019) (granting motion to strike class allegations where "class definition is overbroad and lacks precision").  Such putative class members, who have not paid for anything at all, let alone purchased anything from Google, have not been injured and lack standing to sue.

*Second*, the definition goes on to include "direct purchasers, app or website developers, or other types of users of Maps API services, Routes API services, or Places API services who spent money *or had their free-tier credits consumed more rapidly* because of the anticompetitive allegations."  ECF 1, ¶ 46 (emphasis added).  Putative class members who never spent any money as a result of the alleged anticompetitive conduct, but rather merely "had their free-tier credits consumed more rapidly," have not suffered any cognizable antitrust injury.  Such class members might have had their free credits replenished before they needed to use the balance or they might simply never have needed their remaining balance of credits.  Unless and until these class members actually have to pay Google for the products at issue, they have no basis to claim they were injured by the alleged anticompetitive conduct.

## III. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE THE CLASS DEFINITION IS IMPERMISSIBLY "FAIL SAFE."

A court may not create a "fail safe" class, which is a class "defined to include only those individuals who were injured by the allegedly unlawful conduct." Olean Wholesale Grocery, 31 F.4th at 669 n.14. "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." Id. (cleaned up). As this Court has recognized, a class definition that "improperly requires the Court to decide the merits of the case in order to solidify class membership" should be rejected. Uschold v. Carriage Servs., Inc., No. 17-CV-04424-JSW, 2020 WL 1466172, at *11 (N.D. Cal. Mar. 6, 2020) (denying class certification where plaintiffs defined a fail-safe class). And the Court need not wait until class certification: a fail-safe class definition may be struck at the pleading stage. See Brazil, 2008 WL 2693629, at *7 (N.D. Cal. July 7, 2008) (striking class definition of all persons who purchased products that Dell "falsely advertised as discounted").

Perhaps unsurprisingly given plaintiffs' failure to define a plausible relevant market or state a valid cause of action, plaintiffs have defined an improper fail-safe class. Plaintiffs' class definition includes those "direct purchasers, app or website developers, or other types of users" who were injured "because of the anticompetitive allegations," as well as "other types of users who continue to experience anticompetitive harm as a result of the allegations." ECF 1, ¶ 46. Such putative class members are defined entirely in terms of the merits of their claims against Google. The only way the Court or putative class members can know who falls within this part of the class definition is to first determine who was injured (and how) as a result of "the anticompetitive allegations." And determining "who continue[s] to experience anticompetitive harm" requires first defining the harm and then determining whether it is "as a result of the allegations." In short, individuals and entities would not know whether they were in the class until a final determination is made on the merits. Accordingly, the Court should strike the class definition as an improper fail-safe class. *See Brazil*, 2008 WL 2693629, at *7.

## CONCLUSION

The class action allegations in the complaint should be stricken.

Dated: July 12, 2022

JONES DAY

By: */s/ David C. Kiernan*
David C. Kiernan

Attorneys for Defendants
Alphabet Inc. and Google LLC