1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10              OAKLAND DIVISION

11

| | |
|---|---|
| 12  **DREAM BIG MEDIA, INC., GETIFY** **SOLUTIONS, INC., and SPRINTER** 13  **SUPPLIER LLC, Individually and on Behalf** **of All Others Similarly Situated,** 14 **Plaintiffs,** 15 v. 16 **ALPHABET INC. and GOOGLE LLC,** 17 **Defendants.** 18 19 20 | **Case No.  22-CV-2314-JSW** Class Action **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** Date:   July 22, 2022 Time:  11:00 a.m. Judge:  Hon. Jeffrey S. White |

21
22
23
24
25
26
27
28

1        The parties to the above-entitled action jointly submit this JOINT CASE

2  MANAGEMENT STATEMENT AND [PROPOSED] ORDER pursuant to the Standing Order

3  for All Judges of the Northern District of California and Civil Local Rule 16-9. Pursuant to Rules

4  16(b) and 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-10(b), the parties

5  respectfully request that the Court adopt the non-disputed provisions of this Order as the Case

6  Management Order in this case.

7  **1.**     <u>**JURISDICTION AND SERVICE**</u>

8        The Court has subject matter jurisdiction over Sherman Act and Clayton Act claims

9  pursuant to 28 U.S.C. §§ 1331 & 1337. The Court has personal jurisdiction over Defendants, and

10  venue is proper in this Court. Defendants have been served and no parties remain to be served.

11  **2.**     <u>**FACTS**</u>

12      **Plaintiffs' Position**

13        This section includes a summary of Plaintiffs' allegations. Plaintiffs allege that

14  Defendants have for years engaged in anticompetitive conduct and other actions in violation of

15  Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2, *et seq.*), Section 3 of the Clayton Act (15

16  U.S.C. § 14), and California state law (Cal. Bus. & Prof. Code §§ 17200). Plaintiffs and other

17  Class members have been directly harmed by Defendants' anticompetitive practices, including,

18  without limitation, tying, bundling, exclusive dealing, self-preferencing, monopolization, and

19  attempted monopolization, in connection with products through Google Maps' digital mapping

20  application programming interfaces, known as "APIs", and other products. In essence,

21  Defendants force Plaintiffs and other Class members who use any type of Google Maps digital

22  mapping APIs in one of relevant product markets, which are Maps APIs, Routes APIs, and Places

23  APIs, to only use Google Maps APIs in all of the separate, relevant product markets, especially to

24  the exclusion of using any competitors' digital mapping APIs in the relevant product markets.

25  Another example (without limitation) of the anti-competitive nature of Defendants' conduct is

26  that even if Plaintiffs or other Class members request a specific Google Maps API, Defendants

27  unilaterally will add on unnecessary, non-responsive other digital-mapping APIs to that request

28  and charge the user for those additional APIs. Defendants have exercised direct monopoly power

Jt. Case Management Statement
No. 22-CV-2314-JSW

1    (and at the least, market power) in the relevant product markets, and there are indirect

2    characteristics of monopoly power (and at the least, market power) in the relevant product

3    markets. Plaintiffs and other Class members are direct users of Google Maps digital mapping

4    APIs in the Maps APIs, Routes APIs, and Places APIs relevant product markets. Defendants'

5    unlawful anticompetitive practices have caused concrete damages to Plaintiffs and other Class

6    members, which are of the type that the U.S. federal antitrust laws and state laws were designed

7    to prevent and flow directly from Defendants' conduct, and Plaintiffs and other Class members

8    will continue to suffer such damages without the relief sought after by Plaintiffs.

9            **Defendants' Position**

10          Defendants deny all of plaintiffs' allegations.  Defendants have not engaged in

11   anticompetitive conduct or otherwise violated federal antitrust laws or California's Unfair

12   Competition Law.  As demonstrated in Defendants' pending motion to dismiss, Plaintiffs have

13   alleged no facts supporting their claim that Defendants condition the sale of Google mapping API

14   services on Plaintiffs' buying (or refraining from buying) any other product or service.  Nor do

15   Plaintiffs allege facts  showing Defendants require developers to purchase a bundle of its

16   mapping API services together or deal exclusively with Google.  Plaintiffs are free to purchase

17   (or not purchase) any Google mapping API service they wish without purchasing any other

18   product or service, and they are free to purchase API services from any of the numerous other

19   suppliers that Plaintiffs admit compete with Google.  Defendants deny that they have engaged in

20   unlawful bundling or tying, that they have "forced" developers to use any digital-mapping

21   products, that they engaged in any anticompetitive behavior including self-preferencing, that

22   competitors have been foreclosed, or that Plaintiffs or putative class members have been

23   harmed.  Nor do Plaintiffs' allegations about a pricing increase state a claim.  Defendants

24   maintain that their conduct is procompetitive and justified.

25   **3.     <u>LEGAL ISSUES</u>**

26          **Plaintiffs' Position**

27          Plaintiffs and the other Class members' claims involve several legal issues. For example:

28          a. Whether Google has monopoly or market power in the relevant markets, including the

Jt. Case Management Statement
No. 22-CV-2314-JSW

markets for Maps APIs, Routes APIs, and Places APIs;

 b. Whether Defendants have engaged in unlawful tying or bundling;

 c. Whether Defendants have engaged in unlawful monopoly leveraging;

 d. Whether Google engaged in unlawful self-preferencing;

 e. Whether Defendants have blocked rivals from competing in the digital-mapping stack;

 f. Whether the anticompetitive conduct constitutes monopolization, monopoly maintenance, an attempt to monopolize, or a conspiracy to monopolize;

 g. Whether Defendants' anticompetitive conduct has harmed Plaintiffs and the other Class members by increasing their costs;

 h. Whether Defendants' anticompetitive conduct has harmed Plaintiffs and the other Class members by causing them to pay supra-competitive prices for using Defendants' digital-mapping products and services, caused damages through quicker depletion of purportedly free credits, or otherwise caused anticompetitive harm;

 i. The appropriate Class-wide damages measure; and

 j. The appropriate Class-wide injunctive or declaratory relief.

**Defendants' Position**

 Defendants raise a number of legal issues in their Motion to Dismiss (ECF 29) and Motion to Strike (ECF 30),[1] filed on July 12, 2022, including whether Plaintiffs have alleged the required elements of tying, bundling, exclusive dealing, monopoly leveraging or any other antitrust claim; whether Plaintiffs have alleged proper relevant markets; whether Plaintiffs have alleged that Google has market power in a relevant market; whether claims are barred by the statute of limitations; whether Plaintiffs have stated a claim under California's Unfair Competition Law; whether Plaintiffs' class allegations should be stricken because the class definition includes persons who lack standing and because the class definition is impermissibly "fail safe."

---

[1] The discovery stay should be in effect unless the Court denies the Motion to Dismiss.  If the Court grants the Motion to Dismiss, the stay should continue to be in effect.

**4.    MOTIONS**

On July 12, 2022, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 29) and Motion to Strike pursuant to Fed. R. Civ. P. 23(c)(1)(A) and 23(d)(1)(D) (ECF 30).  The parties anticipate the use of discovery motions only as necessary to obtain responsive discovery. Plaintiffs intend to move for class certification, which Defendants will oppose.  The parties both anticipate moving for summary judgment.

**5.    AMENDMENT OF PLEADINGS**

**Plaintiffs' Position**

Plaintiffs reserve rights to amend their pleadings within 45 days of close of discovery.

**Defendants' Position**

Defendants reserve the right to object to and seek dismissal of any amended complaint.

**6.    EVIDENCE PRESERVATION**

**Plaintiffs' Position**

Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Plaintiff is committed to cooperating with the production of ESI in the most efficient and least burdensome manner as the nature and scope of such productions becomes better defined.

**Defendants' Position**

Defendants have reviewed the ESI Guidelines.  Defendants are complying with their legal obligation to preserve relevant information.

**7.    DISCLOSURES**

**Plaintiffs' Position**

The Parties met and conferred pursuant to Fed. R. Civ. P. 26(f) before the July 22, 2022, Case Management Conference and will continue to meet and confer.  The Parties have not agreed on a date for service of initial disclosures required under Rule 26(a).

**Defendants' Position**

The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on June 29, 2022.  As discussed in Section 8 below, Defendants position is that discovery in this matter (including

1  service of Rule 26(a) initial disclosures), should be stayed pending rulings on the Motion to

2  Dismiss and Motion to Strike.

3  **8.    DISCOVERY**

4      **Plaintiff's Position**

5      **Status of Discovery.** To date, there has been no discovery propounded. Plaintiffs oppose

6  Defendants' request for a stay of discovery. Pursuant to the Court's request that Joint Case

7  Management Statements do not exceed ten pages and because of the relatively early stage of the

8  parties meeting-and-conferring over discovery, this is not the proper document to include

9  arguments against or supporting a discovery stay. It is premature to address stay issues because

10  the parties are still meeting-and-conferring about initial discovery.

11      **Production of Documents and ESI.** Plaintiffs have considered entering into a stipulated

12  e-discovery order. Plaintiffs are aware of the importance the Court places on cooperation and

13  commits to cooperate in good faith throughout the matter consistent with this Court's Guidelines

14  for the Discovery of ESI. Plaintiffs propose that in responding to an initial Fed. R. Civ. P. 34

15  request, the parties will meet and confer about the methods to search ESI in order to identify ESI

16  that is subject to production and filter out ESI that is not subject to discovery.

17      **Protective Order.** Plaintiffs will require a protective order prior to the production of

18  documents.

19      **Proposed Discovery Plan.**

20      i.   **Written Discovery.** It is premature to decide how many document requests,

21          interrogatories, and requests for admissions Plaintiffs will require.

22      ii.  **Depositions.** It is premature to decide the length or number of depositions

23          Plaintiffs will require.

24      **Defendants' Position**

25      Discovery in this antitrust putative class action should be stayed until the Court rules on

26  the pending Motion to Dismiss (ECF 29) and Motion to Strike (ECF 30).  Courts have wide

27  discretion to "stay[] discovery upon a showing of 'good cause.'" *Reveal Chat Holdco, LLC v.*

28  *Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020) (citing Fed. R. Civ. P.

26(c)(1)(A)).  Courts in this district apply a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion: (1) the motion "must be potentially dispositive of the entire case," and (2) the motion "can be decided absent additional discovery." *Id.* at *2 (internal quotation marks omitted).

Here, both prongs are met.  Defendants' Motion to Dismiss, if granted, would dispose of all claims in the Complaint.  As explained in the motion, Plaintiffs fail to allege a tying, bundling, or exclusive dealing claim; nor do they state monopoly-leveraging or anticompetitive acquisition claims.  Plaintiffs also fail to allege a valid relevant product market or market power. These defects are fatal to Plaintiffs' Sherman, Clayton, and UCL claims.  The Court need not decide Defendants' Motion to Dismiss now to rule on a stay request—it is enough that the "motion to dismiss is '*potentially* dispositive of the entire'" case.  *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *3.  In addition, discovery is not needed to resolve the motion because it is based solely on allegations in the Complaint and publicly available documents referenced in the Complaint.  Courts in this district have routinely stayed discovery under these circumstances. *See, e.g.*, *id.* at *2 (staying discovery in antitrust putative class action where the motion to dismiss would dispose of all claims and where discovery is no needed to adjudicate the motion); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (White, J.) (staying discovery because the defendant's motion to dismiss had the potential to be dispositive as to all claims and because no discovery was needed for the resolution of the motion).

Moreover, a temporary stay is particularly appropriate in antitrust class action cases such as this one, where the burden of requiring Defendants to engage in broad, costly and invasive discovery should only be shouldered if this Court determines that Plaintiffs can plead a viable claim.  *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *4; *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Commencement of discovery now would also be a waste of resources given Defendants' Motion to Strike Class Allegations.  Because discovery may be moot or substantially narrowed following the resolution of Google's motions, discovery should be temporarily stayed.

Accordingly, Defendants object to commencing discovery on the schedule Plaintiffs

1   propose below.  If Plaintiffs' case goes forward, Defendants believe, based on the anticipated

2   scope of discovery, that the limitation on the number of depositions set forth in Fed. R. Civ. P.

3   30(a)(2) is appropriate for non-expert depositions. That rule limits plaintiffs to no more than ten

4   depositions without further order of the Court, and each deposition is limited to seven hours.

5          Defendants will review and provide timely feedback on any stipulated e-discovery order

6   that Plaintiffs propose.  Further, Defendants will require a protective order prior to the production

7   of documents.  Defendants will prepare a proposed protective order and meet and confer with

8   plaintiffs about the terms.

9   **9.      CLASS ACTIONS**

10          **Plaintiffs' Position**

11          Plaintiffs have reviewed the Procedural Guidance for Class Action settlements. Plaintiffs

12   seek certification of this case as a class action on behalf of the Class pursuant to Fed. R. Civ. P.

13   23(a), 23(b)(2), and 23(b)(3), an order that notice of this class action be given to Class members,

14   as provided by Fed. R. Civ. P. 23(c)(2), and appointment of Plaintiffs as class representatives and

15   its attorneys as class counsel. Plaintiffs propose 45 days after any decision on summary judgment

16   as the deadline for Plaintiffs to file their Motion for Class Certification.

17          **Defendants' Position**

18          Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  In addition,

19   Defendants have filed a Motion to Strike Class Allegations (ECF 30) should any claims survive

20   the Motion to Dismiss.  If the Court denies the Motion to Strike or if Plaintiffs amend the class

21   definition which ultimately survives a motion to strike, Defendants will oppose class certification

22   on the ground that the proposed class does not meet the requirements for class

23   certification.  Defendants' proposed class certification schedule is provided below in Section 17.

24   **10.     RELATED CASES**

25          There are no related cases.

26   **11.     RELIEF**

27          **Plaintiffs' Position**

28                  a.   Certification of this case as a class action on behalf of the Class pursuant to

1      Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), an order that notice of this class

2      action be given to Class members, as provided by Fed. R. Civ. P. 23(c)(2), and

3      appointment of Plaintiffs as class representative and its attorneys as class counsel;

4   b. An order declaring that Defendants' actions violate the law;

5   c. Awards to Plaintiffs and the proposed Class members treble to the amount of

6      damages actually sustained by reason of Defendants' antitrust violations alleged

7      herein plus the reasonable costs of this action, including, without limitation,

8      attorneys' fees;

9   d. Orders of such equitable relief as are necessary to correct the anticompetitive

10      market effects caused by Defendants' unlawful conduct; and

11   e. Awards of such other relief that the Court deems reasonable and appropriate.

12 **Defendants' Position**

13 Defendants dispute that any Plaintiff, or any member of the putative class, has been

14 harmed in any way, and also dispute that any Plaintiff, or member of the putative class, is entitled

15 to any injunctive relief or damages.

16 **12. SETTLEMENT AND ADR**

17 The Parties have not discussed settlement. Pursuant to ADR Local Rule 3-5, the Parties

18 have reviewed the ADR Handbook and discussed it with their counsel and believe it is premature

19 to discuss settlement. The parties prefer to discuss ADR selection at the appropriate time.

20 **13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

21 Plaintiffs have declined to consent to proceed before a Magistrate Judge for all purposes.

22 **14. OTHER REFERENCES**

23 This case is not suitable for reference to binding arbitration, special master, or the Judicial

24 Panel on Multidistrict Litigation.

25 **15. NARROWING OF ISSUES**

26 **Plaintiffs' Position**

27 Plaintiffs propose that a number of issues can be narrowed because of Google's own user

28 agreement focuses on negative tying.

Jt. Case Management Statement
No. 22-CV-2314-JSW

**Defendants' Position**

As detailed in the Motion to Dismiss (ECF 29), Defendants believe the Complaint should be disposed of in its entirety.  Should any claim survive, Defendants believe the class allegations should be stricken, as explained in the Motion to Strike (ECF 30).

**16.   EXPEDITED TRIAL PROCEDURE**

The parties do not propose the Expedited Trial Procedure.

**17.   SCHEDULING**

| EVENT | Plaintiffs' Proposed Deadline | Google's Proposed Deadline[2] |
|---|---|---|
| Answer | 30 days after decision on motion to dismiss | |
| Fact Discovery Commences | 30 days after briefing on motion to dismiss is completed<br><br>The parties will meet and confer to agree on a date for substantial completion of documents. | Date of ruling on Google's motion to dismiss if motion is denied<br><br>The parties will meet and confer to agree on a date for substantial completion of documents. |
| Initial Disclosures | 30 days after briefing on motion to dismiss is completed | 45 days after denial of motion to dismiss |
| Fact Discovery Cutoff | 20 months after commencement of fact discovery | |
| Last day for party with the burden of proof to serve expert reports pursuant to Rule 26(a)(2)(B) on issues on which it has the burden ("Initial Expert Report") | 45 days after fact discovery cutoff | |

[2] Defendants believe it is premature at this juncture to enter a schedule while the pleadings are still in flux.  Defendants suggest that the Court defer holding the initial case management conference and setting a schedule until after Defendants' motions to dismiss have finally been resolved, including subsequent motions should the Court grant Plaintiffs' leave to amend.  In the event the Court decides to enter a schedule at this juncture, Defendants propose the dates in this chart based on a fairly standard approach in antitrust class actions.

Jt. Case Management Statement
No. 22-CV-2314-JSW

| | | |
|---|---|---|
| Last day to serve expert reports pursuant to Rule 26(a)(2)(D)(ii) rebutting the Initial Expert Reports ("Rebuttal Report").  The parties serving an Initial Expert Report shall make available their experts for deposition within 60 days of service of their Initial Expert Report. | 90 days after Plaintiffs serve expert reports | |
| Last day for party that served an Initial Expert Report to serve reply expert reports.[3] The parties serving a Rebuttal Report shall make available their experts for deposition within 30 days of service of their Rebuttal Report. | 45 days after Defendants serve expert reports | |
| Expert Discovery Cutoff.  Plaintiffs shall make their experts available for deposition with respect to their reply reports within 30 days after service of the reply reports. | 30 days after service of the reply reports | |
| Dispositive motions | 60 days after expert discovery cutoff | |
| Class Certification Motion Deadline | A deadline on the class certification motion is premature.  It depends on when discovery related to class certification begins. | 45 days after ruling on dispositive motions |
| Opposition to Class Certification Motion | 60 days after Plaintiffs file motion for class certification | |
| Reply in Support of Class Certification Motion | 60 days after Defendants' opposition to class certification motion | 30 days after Defendants' opposition to class certification motion |
| Pretrial Conference | TBD | TBD |

[3]  Reply reports are limited to true rebuttal—i.e., defending opinions offered in Plaintiffs' Initial Expert Report.  They may not be used to advance new opinions or evidence.

| Trial | TBD | TBD |
|-------|-----|-----|

**18.   TRIAL**

**Plaintiffs' Position**

The case will be tried before a jury, and Plaintiff expects the trial to last approximately three weeks.

**Defendants' Position**

Defendants believe it is too early to approximate the length of any trial that should occur.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have filed Certifications of Interested Entities or Persons, as required by Civil Local Rule 3-15.

**20.   PROFESSIONAL CONDUCT**

The attorneys of record for the Parties certify that they have reviewed the Guidelines for Professional Conduct in the Northern District.

1

2    Dated: July 15, 2022                          By:  /s/ Mario Simonyan
                                                       Mario Simonyan (State Bar No. 320226)
3                                                      ESQGo, PC
                                                       303 North Glenoaks Boulevard, Suite 200
                                                       Burbank, CA 91502
4                                                      Telephone:     (424) 363-6233
                                                       mario@esqgo.com
5                                                      Attorney for Plaintiffs and the Class

6                                                      Justin S. Nematzadeh*
                                                       NEMATZADEH PLLC
7                                                      101 Avenue of the Americas, Suite 909
                                                       New York, New York 10013
8                                                      Telephone:     (646) 799-6729
                                                       jsn@nematlawyers.com
9                                                      Attorney for Plaintiffs and the Class
                                                       *Pro hac vice application forthcoming
10

11                                                     John G. Balestriere*
                                                       Matthew W. Schmidt (State Bar No.
12                                                     302776)
                                                       BALESTRIERE FARIELLO
13                                                     225 Broadway, 29th Floor
                                                       New York, New York 10007
14                                                     Telephone:     (212) 374-5401
                                                       Facsimile:     (212) 208-2613
15                                                     john.balestriere@balestrierefariello.com
                                                       matthew.schmidt@balestrierefariello.com
16
                                                       Attorneys for Plaintiffs and the Class
17                                                     *Pro hac vice application forthcoming

18

19    Dated: July 15, 2022                          JONES DAY

20                                                   By:  /s/ David C. Kiernan
                                                         David C. Kiernan
21
                                                     Attorneys for Defendants
22                                                   Alphabet Inc. and Google LLC

23

24

25

26

27

28

                                           - 13 -

1    Pursuant to Local Rule 5-1(h)(3), I, Mario Simonyan, attest that concurrence in filing this

2    document has been obtained from the other signatories.

3                                              /s/ Mario Simonyan
                                               _____
4                                              Mario Simonyan