Richard Mosier, CA Bar No. 200725
richard.mosier@usdoj.gov
Telephone: (202) 766-3282
Paul Torzilli, NY Bar No. 4118832
paul.torzilli@usdoj.gov
Emma Waitzman, DC Bar No. 1738427
emma.waitzman@usdoj.gov
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW
Suite 7100
Washington, DC 20530

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DREAM BIG MEDIA INC., et al.,<br>*Plaintiffs*<br>v.<br>ALPHABET, INC., et al.,<br>*Defendants*. | Case No.: 22-cv-02314-RS<br>**STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA**<br>Hon. Richard Seeborg |

The United States respectfully submits this statement under 28 U.S.C. § 517, which permits the Attorney General to direct any officer of the U.S. Department of Justice to attend to the interests of the United States in any case pending in a federal court. The United States enforces the federal antitrust laws, including the Sherman Act, 15 U.S.C. §§ 1 and 2, et seq., and has a strong interest in their correct application.

The United States files this Statement of Interest in connection with the Court's order for additional briefing, ECF No. 61 ("Briefing Order"), relating to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, which followed reassignment of the matter to this Court. The United States takes no position on the ultimate resolution of Defendants' Motion to Dismiss.

This statement addresses the prior court's overly broad holding in dismissing the original complaint in this case, which stated that "Google has the right to dictate the terms on which it will permit its customers to use and display its mapping services." ECF No. 45 ("MTD Order") at 5 (citing *Sambreel Holdings LLC v. Facebook, Inc.*, 906 F. Supp. 2d 1070, 1080 (S.D. Cal. 2012)). There is no such unqualified "right."

Defendants and the prior decision rely heavily on *Sambreel*. In *Sambreel*, the court disposed of a tying claim because plaintiff failed both to plead cognizable markets and to allege sufficient harm to competition. 906 F. Supp. 2d at 1080-81. In dicta, the *Sambreel* court opined that users "have no fundamental right to use Facebook" and that Facebook "has a right to dictate the terms on which it will permit its users to take advantage of the Facebook social network." *Id.* at 1080.

Relying on this dicta, the prior ruling previously disposed of the tying claim here on the ground that "Google has the right to dictate the terms on which it will permit its customers to use and display its mapping services." MTD Order at 5. And Google has argued the same in this Court on the pending motion. This reasoning is incorrect. As this Court has noted, under this reading of *Sambreel*, "it is difficult to imagine any circumstances under which a tying arrangement, positive or negative, could not be justified as merely an exercise of the defendant's 'right' to 'determine' or 'dictate' the terms on which its own product or service is used." Briefing Order at 3.

Indeed, in its historic monopolization case, the D.C. Circuit rejected a similar argument advanced by Microsoft. There, Microsoft argued that its "license restrictions are legally justified because, in imposing them, Microsoft is simply 'exercising its rights as the holder of valid copyrights.'" *United States v. Microsoft Corp.*, 253 F.3d 34, 62-63 (D.C. Cir. 2001) (quoting Microsoft's brief). The D.C. Circuit concluded this "argument borders upon the frivolous," as the claim that a company has "an absolute and unfettered right to use its intellectual property as it wishes" was "no more correct than the proposition that use of one's personal property, such as a baseball bat, cannot give rise to tort liability." *Id.* at 63.

//

The *Microsoft* court's conclusion is consistent with long-standing precedent recognizing the antitrust laws impose limits on the "right" of a company to dictate the terms on which it will do business. As the Supreme Court recognized in *Lorain Journal Co. v. United States*, "[m]ost rights are qualified." 342 U.S. 143, 155 (1951). There is no unqualified right for a company to, for example, "select its customers and to refuse to accept advertisements from whomever it pleases" when its conduct runs into the Sherman Act's prohibitions. *Id.*; *see also Otter Tail Power Co. v. United States*, 410 U.S. 366, 380 (1973) (the Sherman Act imposes limits on a company's "uses of its dominant economic power"); *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919) (explaining that the Sherman Act imposes limits on a company's ability to "exercise his own independent discretion as to parties with whom he will deal"); *Chase Mfg. v. Johns Manville Corp.*, 2023 U.S. App. LEXIS 28328 at *23 (10th Cir. Oct. 25, 2023) (reversing grant of summary judgment where dominant firm threatened that its distributors must "stop doing business with [its rival] or lose access to [the dominant firm's] enormous thermal-insulation inventory").

The same principles apply here. Google has no unqualified right to determine how its mapping products may be used or displayed; rather, it is subject to the normal operation of the antitrust laws, including those governing positive and negative tying. It is important for this Court to reject the expansive and inaccurate holding from the prior ruling, which could be read to inappropriately limit the application of those laws.

Accordingly, the United States respectfully requests consideration of this Statement of Interest, and welcomes the opportunity to provide further assistance at the Court's request.

//

//

//

//

//

//

//

Respectfully submitted,

DOHA G. MEKKI
*Principal Deputy Assistant Attorney General*

MAGGIE GOODLANDER
*Deputy Assistant Attorney General*

AARON HOAG
RICHARD MOSIER
CHRISTINE SOMMER
PAUL TORZILLI
EMMA WAITZMAN
*Attorneys*

*/s/ Richard Mosier*
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW
Suite 7100
Washington, DC 20530
Telephone: (202) 766-3282
Email: richard.mosier@usdoj.gov

*Counsel for the United States of America*

Dated: November 20, 2023