Justin S. Nematzadeh*
**NEMATZADEH PLLC**
101 Avenue of the Americas, Suite 909
New York, New York 10013
Telephone:    (646) 799-6729
jsn@nematlawyers.com
*Attorney for Plaintiffs and the Class*
*Admitted Pro Hac Vice

Matthew W. Schmidt (State Bar No. 302776)*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone:    (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs and the Class*
*Admitted Pro Hac Vice

Mario Simonyan (State Bar No. 320226)
**ESQGo, PC**
303 North Glenoaks Boulevard, Suite 200
Burbank, California 91502
Telephone:  (424) 363-6233
mario@esqgo.com
*Attorney for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DREAM BIG MEDIA, INC., GETIFY SOLUTIONS, INC., and SPRINTER SUPPLIER LLC, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALPHABET INC. and GOOGLE LLC,<br><br>Defendants. | Case No.: 22-cv-2314-RS<br><br>CLASS ACTION<br><br>STATEMENT OF EXPLANATION IN RESPOSE TO ORDER TO SHOW CAUSE<br><br>Date:  May 9, 2024<br>Time:  1:30 P.M.<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed:  April 13, 2022 |

`

**STATEMENT OF EXPLANATION IN RESPONSE TO ORDER TO SHOW CAUSE**

Undersigned Counsel representing Plaintiffs Dream Big Media, Inc. ("Dream"), Getify Solutions, Inc. ("Getify"), Sprinter Supplier LLC ("Sprinter"), and the Class (together, "Plaintiffs") respond to the Court's Order to Show Cause ("Order") filed in the above-captioned action ("Action") on April 12, 2024 (Docket ("Dkt.") Number ("No.") 77). Your Honor's Order stated that Plaintiffs' opposition brief ("Brief," Dkt. No. 73) contains numerous excessively long footnotes with overly extensive string cites that appear calculated to evade the letter and spirit of the page limits set forth in Civil Local Rule 7-4(b), and your Honor instructed Plaintiffs to file a statement of explanation (Dkt. No. 77). We provide this response to explain that our use of footnotes and string cites was not calculated to evade the letter nor spirit of the page limits set forth in Civil Local Rule 7-4(b). And we apologize that it may have appeared this way: we present herein a brief explanation of our use of footnotes both focused on the string cites and parentheticals and more generally on the overall reasoning for the footnotes. We will endeavor to not let this happen again.

To demonstrate our apologies and how seriously we have taken your Honor's Order, we prepared the Word table herein that we believe best displays to your Honor the outline of the general categories of information in the Brief that went into footnotes, the pages and footnotes within each category, and our brief reasoning for incorporating that information in footnotes. We hope that this explanation and our representation herein that we will endeavor going forward to not include excessively long footnotes with overly extensive string cites would encourage your Honor to not impose sanctions, as this situation will not occur again. The use of the footnotes in the Brief was neither for the purpose of evading page limitations nor for any other improper purpose. We respectfully represent that we will endeavor to make sure that excessively long footnotes with overly extensive string cites will not be an issue going forward, without the need for a sanction in this initial instance. We have taken your Honor's Order extremely seriously, as we hope that this detailed explanation reflects.

We wish to address here the main issue that your Honor raised of long string cites and parentheticals in the footnotes. This is not a result of improper motive; instead, Counsel prioritized thorough legal research with detailed and descriptive parentheticals, as opposed to just more-

`

general statements that introduced string cites with vague parentheticals. While a number of Plaintiffs' footnotes contain string cites with descriptive parentheticals, the majority of these, as shown in the table below, are for the purpose of distinguishing the authority that Defendants Alphabet Inc. and Google LLC ("Defendants") relied upon. Plaintiffs' other caselaw citations in the footnotes are for providing additional supportive authority, often for relatively tangential points or out-of-district authority, especially as out-of-district authority has appeared to be at issue, such as the prior focus on the decision in *Sambreel Holdings, LLC v. Facebook, Inc.*, 906 F. Supp 1070 (S.D. Cal. 2012). We endeavored to let the caselaw and parenthetical summaries make the legal points, as opposed to focusing on our own commentary, because we believed that our approach would alleviate the burden on the Court and better explain within the four corners of the brief why we were citing particular authority. As our prior briefing in this Action should hopefully demonstrate, we prioritize thorough legal research and descriptive parentheticals to help make legal points. We reviewed each and every case cited in the Brief. And we devoted meaningful time to not just drafting descriptive parentheticals, but also to shortening and further shortening prior longer draft parentheticals for cites, all in order to try shortening the string cites but yet keep descriptive summaries to reflect to the Court the reasoning for each cite. No artificial intelligence tools were used by us to identify cases, cite them, or draft parentheticals. All of the cases were read by us.

Still, we apologize for the length of the footnotes and have understood your Honor's Order. Going forward, we will endeavor to shorten string cites and parentheticals, in part by providing more descriptive sentences that introduce the string cites—and thus obviating the need for more-detailed parentheticals—and by providing fewer cases in string cites. We will take your Honor's Order extremely seriously. This should not be an issue going forward.

More generally, the Word table below reflects by category our reasoning for having put information in footnotes: defining or clarifying terms and cross-referencing; pin citing to the Second Amended Class Action Complaint ("SAC," Dkt. No. 70); identifying points that Defendants did not challenge; attempting to correct Defendants' statements with which Plaintiffs disagree; distinguishing authority relied upon by Defendants; and providing additional authority.

| Category of Information | Pages and Footnote Numbers | Reasoning and Explanation |
|---|---|---|
| Defining or Clarifying Terms; Cross-Referencing in Brief | -Pg. 1 nn. 1-2<br>-Pg. 2 nn. 4-5<br>-Pg. 3 n. 6 | Rather than distracting the Court in the body of the Brief with these relatively tangential points, Counsel believed that these points were better addressed in footnotes. |
| Pin Citing to SAC Paragraphs | -Pg. 4 nn. 7-14<br>-Pg. 5 n. 15<br>-Pg. 9 n. 20<br>-Pg. 10 n. 21<br>-Pg. 12 n. 23<br>-Pg. 17 nn. 27, 29<br>-Pg. 18 nn. 31-32<br>-Pg. 21 n. 38 | Counsel believed that putting these SAC paragraph pin-cites into footnotes better enhanced the flow of the text in the body of the Brief, while allowing the Court to reference information contained in the SAC. |
| Identifying Points that Defendants Did Not Challenge | -Pg. 6 n. 17<br>-Pg. 10 n. 22 | Counsel believed that these points were better addressed in footnotes because they were not central to the arguments. |
| Correcting Defendants' Statements with which Plaintiffs Disagree | -Pg. 1 n. 3<br>-Pg. 15 n. 25<br>-Pg. 18 nn. 33-34<br>-Pg. 24 n. 42<br>-Pg. 25 nn. 43-44 | Counsel believed that it was important to raise to the Court in footnotes factual allegations and details supporting the more-general or summary factual allegations raised in the body of the Brief. This was important to Plaintiffs because in many instances, Defendants in their motion(s) argued that Plaintiffs did not allege certain points in the SAC or that Plaintiffs only made conclusory allegations, which Plaintiffs wanted to show to the Court was not true |

|  |  | by Plaintiffs citing details in the SAC. Defendants even faulted Plaintiffs for neither addressing nor devoting more space to factual points in Plaintiffs' prior briefing. These footnotes thus served to provide the Court with the details alleged in the SAC that supported the general, summary points made in the body of Brief. |
|---|---|---|
| Distinguishing Authority Relied Upon by Defendants | -Pg. 7 n. 18<br>-Pg. 8 n. 19<br>-Pg. 14 n. 24<br>-Pg. 16 n. 26<br>-Pg. 17 n. 28<br>-Pg. 19 n. 35<br>-Pg. 20 n. 36<br>-Pg. 21 n. 37<br>-Pg. 21 n. 39<br>-Pg. 22 n. 40<br>-Pg. 24 n. 41 | As further addressed above in this response, Counsel believed that it was important to distinguish authority relied upon by Defendants, but since such cases were often not directly relevant to Plaintiffs' own arguments, Plaintiffs believed that they would be most appropriately placed in footnotes. In some instances, Plaintiffs in the same footnote provided additional supporting points and authority that when juxtaposed with Defendants' distinguishable authority, better displayed the contrast between the supporting and distinguishable authority. |
| Providing Additional Authority | -Pg. 5 n. 16<br>-Pg. 18 n. 30 | Plaintiffs placed certain limited additional authority, such as pleading thresholds in similar cases, in footnotes. |

We hope that this response and our expediency to submit this early all display to your Honor how seriously we have taken the Order. And we hope that the explanations provided herein demonstrate why we included such information in footnotes and that the reasoning was not to evade the letter nor spirit of page limits. Still, we apologize for the appearance of the brief and the excessive footnotes and string cites. As we have explained herein, we will be vigilant going forward about shortening footnotes and string cites and parentheticals within footnotes—for example, by providing more descriptive sentences that introduce string cites and thus obviating the need for

4

more-detailed parentheticals, and by providing fewer cases in string cites. As a representation herein, we will endeavor to not let excessively long footnotes with overly extensive string cites be an issue again. We respectfully request that sanctions not be imposed.

Dated: April 17, 2024

                                               /s/

Matthew W. Schmidt (State Bar No. 302776)*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone:   (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs and the Class*
*Admitted Pro Hac Vice

Justin S. Nematzadeh*
**NEMATZADEH PLLC**
101 Avenue of the Americas, Suite 909
New York, New York 10013
Telephone:   (646) 799-6729
jsn@nematlawyers.com
*Attorney for Plaintiffs and the Class*
*Admitted Pro Hac Vice

Mario Simonyan (State Bar No. 320226)
**ESQGo, PC**
303 North Glenoaks Boulevard, Suite 200
Burbank, CA 91502
Telephone:   (424) 363-6233
mario@esqgo.com
*Attorney for Plaintiffs and the Class*